## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAMELA J. SCHULZ and** ) <br> **DONALD J. DUSZYNSKI** ) <br> **25449 Pavilion Place** ) <br> **Plainfield, IL 60585** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **vs.** ) <br> ) <br> **ELI LILLY AND COMPANY,** ) <br> **Lilly Corporate Center** ) <br> **Indianapolis, IN 46285** ) <br> ) <br> **and** ) <br> ) <br> **BRISTOL-MYERS SQUIBB COMPANY,** ) <br> **P.O. Box 4500** ) <br> **Princeton, NJ 08543** ) <br> ) <br> **Defendants.** ) <br> ) | **CIVIL ACTION** _____ |

## DEFENDANT ELI LILLY AND COMPANY'S
## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action from the Superior Court of the District of Columbia, Civil Division, to this Court. The grounds for removal are as follows:

### INTRODUCTION

1.      On March 24, 2008, plaintiffs filed this case against Lilly and Bristol-Myers Squibb ("Squibb"). The action is styled as *Pamela J. Schulz and Donald J. Duszynski v. Eli Lilly and Company and Bristol-Myers Squibb Company*, Civil Action No. 0002432-08, in the Superior Court of the District of Columbia, Civil Division. In their Complaint, plaintiffs allege that Pamela Schulz's *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations and infertility. *See* Complaint at ¶ 5.

1

2.      Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A**.

<u>**NOTICE OF REMOVAL IS TIMELY**</u>

3.      Plaintiffs served the Complaint in this action on Lilly on March 25, 2008.  The Complaint was the first pleading that Lilly received setting forth the claims for relief on which this action is based.  Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction.  This Notice of Removal is timely.

<u>**DIVERSITY JURISDICTION EXISTS**</u>

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332.  This case may be removed pursuant to 28 U.S.C. § 1441 because, as is explained in full below, this case is a civil action that involves a controversy between citizens of different states and in which the amount in controversy, exclusive of interest and costs, exceeds $75,000.  This action is being removed to the District Court for the district where the action is pending.

5.      Title 28 U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  Plaintiffs filed this action in the Superior Court of the District of Columbia.  No defendant in this action is a citizen of the District of Columbia.

6.      Upon information and belief, plaintiffs are citizens of Illinois.  *See* caption of plaintiffs' Complaint, listing plaintiffs' residence in Plainfield, Illinois.

7.      Lilly is a corporation organized under the laws of the State of Indiana, and Lilly's principal place of business is located in Indiana.  Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

8.     Squibb is a corporation organized under the laws of the State of Delaware, and Squibb's principal place of business is located in New York. Pursuant to 28 U.S.C. § 1332(c)(1), Squibb is a citizen of Delaware and New York. Squibb has consented to removal. *See* Squibb Consent to Removal attached hereto as **Exhibit B**.

9.     Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

10.     In their Complaint, plaintiffs seek a total of $3,000,000 in compensatory damages from Lilly. *See* Complaint, p. 6. Based on the damages sought by plaintiffs, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## REMOVAL TO THIS DISTRICT

11.     Removal venue exists in the United States District Court for the District of Columbia because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia.

12.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on the attorney for plaintiffs, and a copy of this Notice will be promptly filed with the Clerk of the Superior Court of the District of Columbia, Civil Division. A copy of the Notice of Filing of Removal to Federal Court is attached hereto as **Exhibit C**.

13.     As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and because the action is between citizens of different states.

14.     Lilly reserves all defenses including, without limitation, the defense of lack of personal jurisdiction.

15.     Lilly reserves the right to amend or supplement this Notice of Removal.

3

WHEREFORE, Lilly gives notice that the matter styled *Pamela J. Schulz and Donald J. Duszynski v. Eli Lilly and Company and Bristol-Myers Squibb Company*, Civil Action No. 0002432-08, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and Lilly requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON, L.L.P.
600 14TH Street, N.W., Suite 800
Washington, DC  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
Jonathan H. Gregor
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

4

2882521v1

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 11th day of April, 2008, a true and accurate

copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to counsel of

record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th St., N.W., Suite 500
Washington, DC 20036

**Attorneys For Plaintiffs**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

**Attorneys for Bristol-Myers Squibb
Company**

_John Chadwick Coats_

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

5

2882521v2

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PAMELA J. SCHULZ and DONALD J. DUSZYNSKI<br>25449 Pavilion Place, Plainfield, IL 60585 | ELI LILLY AND COMPANY, Lilly Corporate Center, Indianapolis, IN 46285<br>BRISTOL-MYERS SQUIBB CO., PO Box 4500, Princeton, NJ 08543 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Will County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)   Marion County
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Aaron M. Levine<br>Aaron Levine & Associates<br>1320 19th St., N.W., Suite 500<br>Washington, DC 20036 | John C. Coots<br>Michelle R. Mangrum<br>Shook, Hardy & Bacon, LLP<br>600 14th Street, N.W., Suite 800<br>Washington, DC  20005 |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 2 U.S. Government
Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ○ A. *Antitrust* | ◉ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☒ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If<br>    Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)*  OR | | ○ F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or<br>    defendant<br>☐ 871 IRS-Third Party 26<br>    USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational<br>    Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC<br>    Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced &<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 875 Customer Challenge 12 USC<br>    3410<br>☐ 900 Appeal of fee determination<br>    under equal access to Justice<br>☐ 950 Constitutionality of State<br>    Statutes<br>☐ 890 Other Statutory Actions (if<br>    not administrative agency<br>    review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding    ⦿ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1332; 28 U.S.C. 1441; 28 U.S.C. 1446. Plaintiffs allege personal injury due to mother's ingestion of pharmaceutical product.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ $3,000,000    JURY DEMAND:   Check YES only if demanded in complaint   YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐ NO ☒    If yes, please complete related case form.

DATE April 11, 2008    SIGNATURE OF ATTORNEY OF RECORD _John C. Cook_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Exhibit A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PAMELA J SHULZ
    Vs.                                  C.A. No.      2008 CA 002432 B
ELI LILLY AND COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge BRIAN F HOLEMAN
Date:  March 24, 2008
Initial Conference: 9:30 am, Friday, June 27, 2008
Location:  Courtroom A-49
              515 5th Street NW
              WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."  D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance).  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| PAMELA J. SCHULZ, et al. | |

*Plaintiff*

0002430-08

**VS.**

| |
|---|
| ELI LILLY AND COMPANY |

Civil Action No. [ ]

*Defendant*

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| |
|---|
| AARON M. LEVINE |

Name of Plaintiff's Attorney

| |
|---|
| 1320 Nineteenth Street, N.W., Fifth Floor |

Address

| |
|---|
| Washington, DC 20036 |

| |
|---|
| (202) 833-8040 |

Telephone

By *Adrienne J. Marsh*

Deputy Clerk

Date | 3/24/2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 95

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED

MAR 2 4 2008

Dist... ...umbia
V... . D.C.

PAMELA J. SHULZ and }
DONALD J. DUSZYNSKI, }
    25449 Pavilion Place }
    Plainfield, IL 60585 }
                                 }
                Plaintiffs, }
                                   }
    v. }
                                     }
ELI LILLY AND COMPANY, }
    Lilly Corporate Center }
    Indianapolis, IN 46285 }
    w/s/o }
        NATIONAL REGISTERED AGENTS, INC. }
        1090 Vermont Avenue, NW, #910 }
        Washington, DC 20005 }
    and }
                                     }
BRISTOL-MYERS SQUIBB COMPANY, }
P.O. Box 4500 }
Princeton, NJ 08543 }
    w/s/o CT CORPORATION }
    1025 Vermont Avenue, N.W. }
    Washington, DC 20005 }
                                     }
        Defendants. }

Civil Action No.

0002432-08

## COMPLAINT
### (DES Litigation – Products Liability, Punitive Damages)

1.      Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.      Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethystilbestrol ("DES") within the District of Columbia.

1

## COUNT I
**(Pamela Schulz - Negligent Failure to Warn)**

1. On or about the year 1966, during her pregnancy with Plaintiff Pamela Schulz, the mother of Plaintiff Pamela Schulz bought and ingested DES in Illinois. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States and the State of Illinois.

2. The DES ingested by Plaintiff Pamela Schulz's mother was manufactured, sold, distributed, and promoted by Defendant Lilly and/or Defendant Squibb.

3. It was the duty of Defendants to adequately warn Plaintiff Pamela Schulz's mother and her physician as to the risks, safety, and efficacy of DES at the time of Plaintiff Pamela Schulz's *in utero* exposure to DES.

4. Defendants negligently failed to adequately warn Plaintiff Pamela Schulz's mother and her physician of DES risks as to safety and efficacy of DES.

5. As a result of said negligence, Plaintiff Pamela Schulz was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resulting infertility, incurred medical expenses for care and treatment, expenses for gestational surrogacy, suffered physical and mental pain, and was deprived of the family she desired.

## COUNT II
**(Pamela Schulz - Negligent Failure to Test)**

6. All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

7. Defendants had a duty to fully and adequately test DES as to its safety and efficacy before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

2

8.  Defendants negligently failed to test DES in any regard as to its safety and efficacy.

9.  As a result of Defendants' said negligence, Plaintiff Pamela Schulz was injured as aforesaid.

### COUNT II
#### (Pamela Schulz – Strict Liability)

10. All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

11. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

12. Defendants are engaged, or have been engaged, in the business of producing DES, and is, or have been, commercial manufacturers of said drug.

13. Plaintiff Pamela Schulz's mother purchased and ingested DES during her pregnancy with Plaintiff Pamela Schulz, and received and ingested DES in the same form and condition as when it left Defendant Lilly and/or Defendant Squibb's possession.

14. Said product was defective when placed on the market by Defendants.  DES was sold by the Defendants without sufficient warning or instructions.  A reasonable seller would not have sold the product had he/she known of the risks involved.  The risks were greater than a reasonable buyer would expect.

15. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

3

16. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

17. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT IV
### (Pamela Schulz - Breach of Warranty)

18. All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

19. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

20. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

21. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

22. As a direct result of the breach of warranties by the Defendants, Plaintiff Pamela Schulz has been injured as aforesaid.

4

## COUNT V
**(Pamela Schulz - Misrepresentation)**

23. All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

24. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

25. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

26. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

27. As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT VI
**(Donald J. Duszynski – Loss of Consortium)**

28. All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

29. Plaintiff Donald J. Duszynski is the husband of Plaintiff Pamela Schulz. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Donald J. Duszynski has been deprived of the love, services and affection of his wife, Pamela Schulz.

5

**WHEREFORE,** Plaintiff Pamela Schulz demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000) as compensatory damages and Two Million Dollars ($2,000,000) as punitive damages, and Plaintiff Donald J. Duszynski demands the sum of One Million Dollars ($1,000,000) as compensatory damages and One Million Dollars ($1,000,000) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Cooper #502149

1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

6

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

PAMELA J. SCHULZ, et vir.                              *

      Plaintiffs                              *

                                     Civil Action No.: XX-CA-002432 B

v.                                                    *       Judge: Brian F. Holeman
                                                             Next Event: Initial Conference
ELI LILLY & COMPANY, et al.                           *       June 27, 2008 @ 9:30 a.m.

      Defendants                              *

     *     *     *     *     *     *     *     *     *

## ANSWER TO COMPLAINT

    Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

    That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

    1.    As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

    2.    As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States, and this Defendant admits

that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3.      As to Count I, Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in the first two sentences of this paragraph and, therefore, can neither admit nor deny the allegations contained in these two sentences. Further answering, this Defendant denies the allegations contained in the last sentence of paragraph 1 as phrased.

4.      As to Count I, Paragraphs 2, 3, 4 and 5 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

5.      As to Count II, Paragraph 6 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 5 as fully as if they were repeated verbatim herein.

6.      As to Count II, Paragraphs 7, 8 and 9 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

7.      As to Count III (incorrectly designated as Count II), Paragraph 10 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 9 as fully as if they were repeated verbatim herein.

8.      As to Count III (incorrectly designated as Count II), as to Paragraphs 11, 13, 14, 15, 16 and 17 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

9.      As to Count III (incorrectly designated as Count II), Paragraph 12 of the Complaint, this Defendant states that its predecessor was in the business of producing DES and was previously a commercial manufacturer of DES.

10.    As to Count IV, Paragraph 18 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 17 as fully as if they were repeated verbatim herein.

11.    As to Count IV, Paragraphs 19, 20, 21 and 22 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

12.    As to Count V, Paragraph 23 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 22 as fully as if they were repeated verbatim herein.

13.    As to Count V, Paragraphs 24, 25, 26 and 27 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

14.    As to Count VI, Paragraph 28 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 27 as fully as if they were repeated verbatim herein.

15.    As to Count VI, Paragraph 29 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

3

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

4

## SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

5

## THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

Count VI of the Complaint attempts to set forth a cause of action for loss of consortium which cannot be maintained because the cause of action arose before the Plaintiffs were husband and wife.

## EIGHTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint legally sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

### NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIRST DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
sgl@gdldlaw.com
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of April, 2008, a copy of Bristol-Myers

Squibb Company's Answer to Complaint was filed electronically via Case File Express

and mailed via first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Jesse Weisshaar, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64109; *Attorneys for Defendant Eli Lilly & Company*


/s/ Sidney G. Leech
Sidney G. Leech

8

Exhibit B

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAMELA J. SCHULZ and<br>DONALD J. DUSZYNSKI<br>25449 Pavilion Place<br>Plainfield, IL 60585<br><br>Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>and<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>P.O. Box 4500<br>Princeton, NJ 08543<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL ACTION _____<br><br>SUPERIOR COURT NO. 2008 CA 002432 B |

## DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S CONSENT TO REMOVAL

Defendant Bristol-Myers Squibb Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2008 CA 002432 B), to this Court.

Sidney G. Leech
Goodell, Devries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 783-4000
Facsimile: (410) 783-4040

**ATTORNEYS FOR BRISTOL-MYERS
SQUIBB COMPANY**

2882763v1

Exhibit C

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **PAMELA J. SCHULZ and**<br>**DONALD J. DUSZYNSKI**<br>**25449 Pavilion Place**<br>**Plainfield, IL 60585**<br><br>       **Plaintiffs,**<br><br>**vs.**<br><br>**ELI LILLY AND COMPANY,**<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285**<br><br>**and**<br><br>**BRISTOL-MYERS SQUIBB COMPANY,**<br>**P.O. Box 4500**<br>**Princeton, NJ 08543**<br><br>       **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION NO. 2008 CA 002432 B**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:   THE CLERK OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION

      PLEASE TAKE NOTICE that on the 11th day of April, 2008, Defendant Eli Lilly and Company filed in the United States District Court for the District of Columbia a Notice of Removal of the above styled action. A true copy of such Notice of Removal is attached hereto as Exhibit "1" and is incorporated herein by reference.

      Pursuant to 28 U.S.C. Section 1446(d), the filing of the attached Notice of Removal has effected the removal of the above styled action, and the Superior Court of the District of Columbia, Civil Division, should proceed no further unless and until this case is remanded.

1

2882516v1

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON, L.L.P.
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
Jonathan H. Gregor
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2882516v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Pamela J. Schulz, et al_
Plaintiff

v.                                     Civil Action No. **08  0636**

_Eli Lilly and Company_                        APR 1 1 2008
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge **LEON, J. RJL** . All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action.  (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice.  To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a).  Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer.  This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: AARON H. LEVINE

929A
Rev. 7/02